Drake, Ch. J.,
delivered the opinion of the court:
In this case one-fourth of the proceeds of the cotton captured was, while those proceeds were in the hands of the supervising special agent of the Treasury Department who had sold the cotton, paid to one Sherrard Clemens for his services in collecting' the cotton and delivering it to the agent of that Department.
The authority of the Department to cause such payment to be made is questioned; but we do not see that the question should be entertained. We can render judgment for the claimant for only such proceeds of his cotton as went into the Treasury. As held in Bynum's Case, decided at the present term, we will not assume the revision of the charges of the Treasury Department certified to us by that Department as having been actually paid out, but will pass upon the legality of charges made by the Department itself in its own favor, the effect of which is simply to keep so much money in the Treasury. We have, therefore, in ascertaining the net proceeds in this case, struck out of the charges $1,602.08 of custom-house fees and $801.04 of internal-revenue tax. But the amount paid to Clemens was a disbursement actually made; and whether rightfully or wrongfully made, it diminished by that much the sum which went into the Treasury, and to that extent reduced the amount for which we can give judgment in favor of the claimant.
The fact that Clemens, when he received the money, agreed “ to indemnify the United States, its agent or agents, against all claims, suits, or proceedings of any kind whatsoever, on account of the acts of said agent or agents in relation to said cotton, or the payment to him of said sum of money,” does not put the money, either actually or constructively, into the Treasury, and does not authorize a judgment against the United States for the amount paid him. The fact still remains that the money did not go into the Treasury; and we cannot, in a proceeding between Warren R. Dent and the United States, undertake to *478 pass upon a transaction between tbe United States and Sherrard Clemens, in regard to which the latter has no opportunity to be heard, and which the former is not, by the claimant’s petition, required to explain or defend. Any other rule of action on the part of this court would open the way for the litigation here of every item of the charges certified by the Treasury Department in every case of this kind. We do not understand this to be the intent of the act under which these cases proceed.